**Parminder KAUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–71951.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided March 15, 2005.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Robert B. Jobe, Esq., Ali Saidi, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., Edward C. Durant, Esq., William C. Minick, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: PAEZ, BERZON, and BEA, Circuit Judges.

## MEMORANDUM **

Parminder Kaur petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") adverse credibility finding and denial of petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Because the BIA adopted the IJ's reasoning and result, we review the IJ's decision. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). We review findings of fact, including credibility findings, for substantial evidence. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). The "substantial evidence" standard is deferential to the agency findings; we must uphold the findings "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Id.* at 1149–50 (emphasis in original).

We agree with petitioner that most of the inconsistencies noted by the IJ are not supported by the record. Yet under our deferential standard of review, we conclude two inconsistencies provide the requisite substantial evidence to support the IJ's conclusion petitioner was not credible as to her identity, an issue which goes to the heart of petitioner's claims. *See Farah*, 348 F.3d at 1156 (eligibility for asylum depends on the credible establishment of identity); *De Leon–Barris v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997) (inconsistencies must go to "the heart of the asylum

---

claim" to be an adequate basis for an adverse credibility finding).

Petitioner's Matriculation Examination certificate stated petitioner graduated from B.S.D. High School in 1985, yet her asylum application stated she went to "Govt. High School" and graduated in 1986. Petitioner testified the inconsistencies as to the name of the school and the graduation year resulted from errors by her attorney and an immigration officer. Petitioner stated B.S.D. became a government recognized school, petitioner informed her attorney of such, and her attorney then misrepresented that the school was a government school. She further stated the immigration officer erred by writing in "86" on her application during an interview, rather than the correct year of "1985."

Although those explanations are plausible, it was within the IJ's discretion to find it inconsistent that a person would answer the question "Name of School" with a description of government recognition, or a generic description, rather than the *name* of the school. It is harder to reconcile the conflicting graduation dates. Because we cannot say the IJ must accept petitioner's explanation of the apparent conflict as the *only* reasonable explanation, the IJ could find the inconsistencies unresolved.

The conflict between petitioner's testimony she was married in her village and her father's affidavit, which states she was married in her husband's village, is similarly a contradiction which goes to her identity. Petitioner first testified there was an uncorrected typographical error in her father's affidavit, and then testified it was customary to say one was married in the husband's village even when one always married in the wife's village. Although petitioner's first explanation is plausible, her second explanation is not.

Again, the IJ also could reasonably find the inconsistencies unresolved.

Finally, petitioner contends she should not have been required to submit corroborative evidence because her testimony alone was credible and sufficient. Although asylum cases may be proved through credible testimony alone, here the IJ properly found petitioner was not credible as to her identity and therefore could require petitioner to produce corroborating evidence of her identity as a condition of granting her application. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001).

Because petitioner failed to provide credible testimony or corroborating evidence establishing past persecution or a well-founded fear of future persecution, she failed to establish eligibility for asylum. It follows she is also not eligible for withholding of removal. *See Farah*, 348 F.3d at 1156. Finally, because we affirm the IJ's determination petitioner was not credible, and her claim for relief under CAT rests on her testimony, petitioner is not eligible for relief under CAT. *Id.* at 1157.

## PETITION FOR REVIEW DENIED.